Barnard, P. J.
The testator by his will, in the seventh clause thereof, gave the entire remainder of certain sales of *61 New York real estate to persons specifically named therein. The case is silent as to the relationship which these parties bore to the testator, but I assume that none of them were lineal descendants. The clause named provides that in the event of the death of any of the legatees in the seventh bequest, that the bequest should be paid to their heirs share and share alike.
By a codicil the testator (third clause) selected certain persons who were named in the seventh clause of the will and added to their portions in amounts stated. The will stated no sum, but divided the residue equally among these persons who were named in the seventh clause.
The third clause also added the names of various persons who are not named in the will and gave them fixed pecuniary legacies. The codicil (third clause) contained no clause to save the legacy in case of lapse, but the codicil in the first clause states, ‘11 hereby ratify and confirm said will in every respect, save so far as any part of it is inconsistent with this codicil.” Under the familiar rules in respect to the construction of wills, that the intent of the testator is to prevail and that such intent is to be found from the whole will, there was no lapse as to the petitioner.
She is the sister of James M. Smith, and one of the heirs-at-law of Mary L. Deronda, both of whom are dead.
By the seventh clause of the will, James M. Smith and Mary, sister of James M. Smith, are named among the legatees of the residuary estate, and under the will there was no lapse for that was saved by express words. The codicil gave “in addition to the gifts, devises and bequests therein named,” to the following named persons, viz.: Among those names are James M. Smith, $1,500, and Mary, sister of James M. Smith, $500. The codicil as we have observed, ratifies the will, except when inconsistent with the codicil, and it would be inconsistent to save an additional legacy-created by a codicil when the original legacy was saved by express words. If this were all, the decree should be affirmed, but the executors made a motion to dismiss the petition upon its face. The surrogate reserved his decision, and finally decided the petition to be good. The executors asked leave to file a verified answer. This the surrogate denied. We think that it was the right of the executors to be heard upon the merits and to that end the application to file the answer, should have been granted.
Decree reversed and proceedings remitted to surrogate.
No costs allowed on tho appeal.
Dtkmait and Pratt, JJ., concur.